IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:      1:22-cv-00423

JANE DOE,

    Plaintiff,

v.

THE REGENTS OF THE UNIVERSITY OF COLORADO, a body corporate,

    Defendants.

---

**PLAINTIFF'S MOTION TO PROCEED UNDER THE PSEUDONYM "JANE DOE" AND SEAL COMPLAINT**

---

Plaintiff respectfully moves this Court for leave to proceed under the pseudonym "Jane Doe" and seal her complaint. In support thereof, Plaintiff respectfully submits as follows:

**CONFERRAL**: This motion is filed, and to be served, concurrently with the Civil Complaint herein, as well as the Motion to Correct Record to Reflect Filing Date. At this time, the undersigned counsel does not have knowledge of what attorney will represent Defendant and as such, is unable to confer under D.C. Colo. L Civ R 7.1. Therefore, Plaintiff is unable to determine whether Defendant would oppose this Motion.

**INTRODUCTION**

1. As stated in her complaint submitted simultaneously herewith, Plaintiff is a highly-trained, highly-skilled, triple board-certified anesthesiologist, formerly employed as a tenure-track assistant professor at the University of Colorado ("CU"), with a contemporaneous full-time permanent clinical appointment with the Department of Veterans Affairs (the "VA"). Towards

1

the latter part of her concurrent employments, Plaintiff witnessed dangerous conduct and deficiencies in the clinical setting, and consistent with CU's reporting requirements, made a confidential report to Dr. Rumack regarding same.

2. However, this confidence was breached, and thereafter, Plaintiff faced a pervasive pattern of retaliatory, discriminatory, harassing and hostile work environment, culminating in the ultimate termination of her clinical and academic appointments. In entirely pretextual fashion, Plaintiff's supervisor Dr. Todorovic initiated and effectuated a calculated, retaliatory plot to terminate Plaintiff and sabotage her VA appointment, conjuring false written complaints against Plaintiff and improperly transmitting same to the VA, without notice or the opportunity to contest. Dr. Todorovic has since admitted under oath that she had no independent knowledge of any of the alleged complaints, thus elucidating her retaliatory motive. Prior to her revocation of clinical privileges, Plaintiff was baselessly removed from supervising residents without notice. She was also forced to work in the operating room, exposing her to radiation, despite having been diagnosed with a dangerous and potentially life-threatening condition during her then-pregnancy, and in contradiction to her doctor's directive. The refusal to accommodate Plaintiff was designed to make her work life miserable, in further retaliation for her prior reporting.

3. As a result of Dr. Todorovic's conjured complaints, Plaintiff was removed from her supervisory duties at CU, received a charge of unprofessional conduct, had her clinical privileges revoked, and was removed from federal service with the VA and accompanying employment with CU. She has spent over $900,000.00 to protect her medical license, and to avoid improper reporting to the Colorado Medical Board and National Practitioner Data Bank ("NPDB"). Simply put, her career as a cardiac anesthesiologist and critical care physician has been largely destroyed.

## ARGUMENT

### POINT I – PLAINTIFF SHOULD BE ALLOWED TO PROCEED UNDER A PSEUDONYM

4. This motion is filed concurrently with the Civil Complaint herein, to be served with the complaint. At this time, the undersigned counsel does not have knowledge of what attorney will represent defendant respecting the duty to confer under D.C. Colo. L Civ R 7.1. Plaintiff is unable to determine whether Defendant would oppose this Motion.

5. At the outset, Plaintiff has already been authorized to proceed under pseudonym in a matter that raises overlapping factual contentions to those raised in this case. A Federal Court has granted Plaintiff's request to proceed under pseudonym and granted in part her request to seal certain documents.

6. Nevertheless, while the Tenth Circuit has recognized the substantial benefit associated with open court proceedings, and the public's concomitant interest in knowing the identity of litigants, see, e.g., *Raiser v. Church of Jesus Christ of Latter-Day Saints*, 182 Fed. Appx. 810 *1 (10th Cir.2006), cert. denied, 549 U.S. 1252 (2007), "[t]hat interest should be overridden and a plaintiff permitted to proceed anonymously, in cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity."  See, *Femedeer v. Haun*, 227 F.3d 1244 (10th Cir. 2000); *Freedom From Religion Found., Inc. v. Cherry Creek Sch. Dist. # 5*, CIV.A.07-CV-02126-MS, 2009 WL 2176624 (D. Colo. July 22, 2009). It is proper to weigh the public interest against the plaintiff's claimed right to privacy in deciding whether anonymity is appropriate. Id. "This determination rests within the informed discretion of the trial court." Id. at 802-03; see also, *Doe v. F.B.I.*, 218 F.R.D. 256, 258 (D. Colo. 2003).

3

7.      In the case at bar, the injury litigated against would be incurred as a result of the disclosure of Plaintiff's identity.  It is paramount that Plaintiff be permitted to proceed anonymously in order to preserve privacy and protect her professional reputation. There is no public interest in requiring Plaintiff to make her name public. No benefit to the public can be achieved by forcing the Plaintiff to reveal her name in this case. The Public will have access to the proceedings in this case regardless of whether the Plaintiff uses the pseudonym "Jane Doe."  The need for anonymity outweighs any prejudice to the opposing parties or any public interest in knowing Plaintiff's true name. Indeed, there is no threat of prejudice to Defendant as Plaintiff will provide his name and all required information to Defendant and will fully cooperate in retrieval of all records and discovery undertaken in this lawsuit. Any discovery or testimony in this lawsuit can easily be crafted so as to preserve Plaintiff's personal dignity without causing harm to the judicial process or the Defendant's interests.

**POINT II – THIS COMPLAINT AND MOTION SHOULD BE FILED UNDER SEAL**

8.      Plaintiff further requests that this Complaint and Motion be filed under seal, so as to protect the sensitive nature of this matter.

9.      The public's right of access is not absolute.  See, *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983). "Courts have carved out several distinct but limited common law exceptions to the strong presumption in favor of openness." Id. Specifically, "[u]nder the common law, content-based exceptions to the right of access have been developed to protect competing interests." Id. "In addition to the defendant's right to a fair trial, these interests include **certain privacy rights of participants** or third parties, trade secrets, and national security." *Id.* (citing *Nixon*, 435 U.S. at 598) (**emphasis added**).

10.     Here, Plaintiff's interests in privacy is critical during this litigation where a decision

4

on the merits could result in a finding that the Defendant's actions were retaliatory in nature and that the resulting revocation of clinical privileges and termination were arbitrary and capricious. Giving public access to Plaintiff's name and records during the pendency of this case would inevitably harm Plaintiff's reputation and her ability to continue practicing medicine before the Court has an opportunity to hear and rule on the claims asserted. Thus, Plaintiff's private interests in privacy far outweigh any need for access, and the complaint should be filed and remain under seal.

11. Moreover, "previous access is a factor which may weigh in favor of subsequent access." See, *U.S. v. Hubbard,* 650 F.2d 293, 317, n. 89 (D.C. Cir. 1980). "Determining whether, when and under what conditions the public has already had access to court records in a given case cannot of course guide decision concerning whether, when and under what conditions the public should have access as an original matter." Id. "However, previous access has been considered relevant to a determination whether more liberal access should be granted to materials formerly properly accessible on a limited basis through legitimate public channels and to a determination whether further dissemination of already accessible materials can be restrained." Id. Like the court's finding in *Hubbard*, however, there has been no prior access to the complaint and limited prior access to the underlying facts asserted therein. In fact, the matter referenced in paragraph 5 above has been partially sealed. Thus, this factor weighs in favor of sealing the complaint.

12. Further, Courts have noted that privacy and property interests requiring retention of documents under seal can be waived by failure to assert them in a timely fashion. Id. at 319. Moreover, "the strength with which a party asserts its interests is a significant indication of the importance of those rights to that party." Id. Plaintiff's complaint is made at the outset of this case. Allowing the Complaint to be publicly available would have the same or a similar effect as a report

to the NPDB because it would inform potential future employers and medical licensing bodies about CU's "complaints" against Plaintiff, the resulting administrative proceeding, and the final action unlawfully revoking Plaintiff's privileges and terminating her. The strength and timeliness of Plaintiff's request to limit public access supports sealing the complaint.

13. Furthermore, "where a party's property and privacy rights are at issue the need for minimizing intrusion is especially great.". See, *Hubbard*, 650 F.2d at 319. A public employee's due process rights may be violated where the circumstances of a public employer's stigmatizing conduct or statements have destroyed the employee's freedom to take advantage of other employment opportunities and the employee is deprived of freedom to pursue the occupation of his or her choice as a result. See, e.g., Bordelon v. Chi. Sch. Reform Bd. of Trs., 233 F.3d 524, 531 (7th Cir. 2000). Courts have held that an adverse report on the NPDB is intrinsically harmful to that physician's practice, professional reputation, and livelihood. See, *Walker v. Mem'l Health Sys. of East Texas*, 231 F.Supp.3d 210, 216 (E.D. Tex. 2017).

14. Here, public access to this complaint will indisputably harm Plaintiff with an indelible stigma that would diminish her reputation. The Complaint contains factual assertions that involve potential reporting to the NPDB. Accordingly, the Court should seal these filings to ensure Dr. Doe is not irreparably harmed as a result of Defendants' unlawful conduct.

15. Courts have held that "[t]he possibility of prejudice refers to 'whether disclosure of the documents will lead to prejudice in future litigation to the party seeking the seal.'" See, *U.S. ex rel. Durham v. Prospect Waterproofing, Inc.*, 818 F.Supp.2d 64, 68 (D.D.C. 2011) (quoting *Friedman v. Sebelius*, 672 F.Supp.2d 54, 60 (D.C. Cir. 2009)). Plaintiff's complaint presents factual assertions that ultimately warrant the reversal of the decision to revoke Plaintiff's privileges and remove her. Such an outcome could ultimately nullify any requirement that the VA submit

adverse reports to the Colorado Medical Board or the NPDB. Allowing public access to this matter before this Court entertains the merits of the case may render moot such issue.  Thus, allowing these filings to be publicly available will substantially prejudice future litigation, and the complaint should be sealed as a result.

16. As a final matter, "If the documents were obtained through discovery, for example, they are afforded a stronger presumption of privacy, as those materials typically are not publicly accessible." See, *Friedman v. Sebelius*, 672 F.Supp.2d 54, 61 (D.D.C. 2009).  Here, to ensure that she does not face irreparable reputational harm or stigma arising out of Defendants' unlawful conduct, Plaintiff seeks to the filings in this case until at least the disposition of the merits of the case.  The purposes for which Plaintiff introduces these documents, therefore, support sealing the complaint filed in this action.

*In Camera Review*

17. As set forth above, this matter involves highly sensitive factual contentions and documentary evidence to which the Plaintiff will produce to the Court for an *In Camera* inspection should the Court deem same necessary in deciding this motion.

**CONCLUSION**

18. For the reasons set forth above, Plaintiff has established that her interest in proceeding under a pseudonym outweighs the albeit nonexistent interest of the public to know Plaintiff's name.  Moreover, Plaintiff has established her right to have this case sealed so as to ensure that she does not suffer irreparable harm until this Court has an opportunity to hear her case and rule on the merits.  Accordingly, Plaintiff respectfully requests that this Court allow her to proceed under pseudonym and seal the complaint until at least such time as the Court entertains and rules on the merits of Plaintiff's claims.

7

DATED: February 17, 2022

                                            KATZ & KERN, LLP
                                            Attorneys for Plaintiff

                                            By: _s/ Chet Kern_
                                            Chet W. Kern, Esq.
                                            44 Cook Street
                                            Denver, Colorado 80206
                                            Tel.: (303) 398-7000
                                            E-mail: ckern@katzandkernllp.com

**CERTIFICATE OF SERVICE**

I certify that, on February 16, 2022, submitted the underlying motion via email to newcases@cod.uscourts.gov, which I believe to be consistent the instructions set forth in the ATTORNEY CIVIL CASE OPENING PROCEDURES DISTRICT OF COLORADO at page 7, so as to have same filed with the Clerk of the Court using the CM/ECF system.  On February 17, 2022, I re-submitted this underlying motion to the Clerk of the Court using the CM/ECF system directly.

*s/ Chet Kern*
Chet W. Kern, Esq.