AUG - 5 2020

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JANE DOE, M.D.,

    Plaintiff,

v.

STEVEN L. LIEBERMAN, *et al.*

    Defendants.

Case: 1:20-cv-02148
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 8/5/2020
Description: Pro Se Gen. Civ. (F-DECK)

Civil Action No.

Chief Judge Beryl A. Howell

## MEMORANDUM AND ORDER

The *pro se* plaintiff, a physician ███████████████████████████████ ███████████████████████████████████████████████████ Compl. ¶ 1, ECF No. 1, has moved to seal her case and proceed under the pseudonym "Jane Doe," *see* Pl. Dr. Doe's Mot. to Seal ("Pl.'s Seal Mot.") and Pl. Dr. Doe's Mot. to Proceed under Pseudonym ("Pl.'s Pseudo. Mot."), in her instant action seeking, *inter alia,* to enjoin defendants from "revoking [her] clinical privileges and removing her from service as a federal employee," Compl. at 18. For the reasons set forth below, the motion to proceed under pseudonym is granted while the motion to seal the case is granted in part and denied in part.[1]

I.     **BACKGROUND**

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

████████████████████. Compl. ¶ 1. Plaintiff alleges that she "received consistently favorable performance evaluations," *id.* ¶ 8, and "numerous positive and enthusiastic

---

[1] Under Local Civil Rule 40.7(f), the Chief Judge shall "hear and determine . . . motion[s] to seal the complaint . . . and motion[s] to file a pseudonymous complaint" in "any case not already assigned." LCvR 40.7(f).

comments about her interactions with residents" at the VA hospital where she worked, *id*. ¶ 12.  Nevertheless, "on February 14, 2018, ECHS summarily suspended [her] clinical privileges and removed her from patient care."  *Id*. ¶ 22.  According to plaintiff, at the time of her suspension, she was not provided with "any meaningful information to allow her to respond" to the suspension.  *Id*.  In "early August 2018," plaintiff was informed that her clinical privileges had been revoked and she had been terminated based "on a charge of unprofessional conduct."  *Id*. ¶ 24.  In support of this charge, her employer cited complaints from four anonymous residents at her hospital and four alleged incidents of substandard performance during hospital procedures.  *Id*.  She appealed that decision to the ▇ Disciplinary Appeals Board.  *Id*.  After a "multi-day hearing in early December 2019," the appeals board upheld the charge of unprofessional conduct and recommended upholding the revocation of her clinical privileges and her termination on January 15, 2020.  *Id*. ¶ 26.  The ▇ approved the appeals board's action on March 9, 2020.  *Id*.

Plaintiff was not notified of this result until June 30, 2020, at which point she requested that the effective date of the ▇ action be "postpone[d] . . . pending judicial review."  *Id*. ¶ 27.  Specifically, she asked that the ▇ "not file an adverse action report with the" National Practitioner Data Bank or the Colorado Medical Board "because doing so would irretrievably injure her in her professional capacity."  *Id*.

Plaintiff alleges that the appeals board made multiple legal errors in making its decision.  *Id*. ¶¶ 30–39.  She thus seeks judicial review of that decision and the ▇ decision to uphold it.  *Id*. ¶ 40.  She has sued in an attempt to secure a declaration that defendants conduct has violated her due process rights, an injunction prohibiting defendants from

implementing their decisions and from filing an adverse report with the National Practitioner Data Bank and the Colorado Medical Board. *Id*. at 18.

## II.     LEGAL STANDARD

As noted above, plaintiff has moved both to file her case under seal and to proceed under pseudonym. "The starting point in considering a motion to seal court records is a strong presumption in favor of public access to judicial proceedings." *Hardaway v. D.C. Hous. Auth.*, 843 F.3d 973, 980 (D.C. Cir. 2016) (quoting *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996)). In a typical motion to seal court filings, courts consider six factors, originally identified in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980), in determining whether that presumption may be overcome.[2] When, however, a plaintiff initiating a lawsuit moves to file a case under seal simultaneously with the filing of the complaint, the motion is more akin to a request to proceed under a pseudonym. In both contexts, the plaintiff is seeking to conceal her identity from the public and thus the same interests are at stake. For that reason, the legal standard applicable to motions to proceed under pseudonym applies equally to plaintiff's motion to seal her case as well as her motion to proceed under pseudonym.

The requirement that the names of litigants be known to the public promotes a "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' . . . and, more specifically, from

---

[2]     Those factors are:
> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017) (quoting *Nat'l Children's Ctr.*, 98 F.3d at 1409 (citing *Hubbard*, 650 F.2d at 317–22)).

3

the tradition of open judicial proceedings." *In re Sealed Case*, 931 F.3d 92, 96 (D.C. Cir. 2019) (internal citations omitted) (quoting *Wash. Legal Found. v. U.S. Sentencing Comm'n*, 89 F.3d 897, 899 (D.C. Cir. 1996)). Accordingly, "parties to a lawsuit must typically openly identify themselves in their pleadings." *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463–64 (D.C. Cir. 1995) (per curiam) (internal quotation marks and citations omitted).

In special circumstances, however, courts have permitted a party to proceed anonymously. The D.C. Circuit has instructed that "the appropriate way to determine whether a litigant may proceed anonymously is to balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure." *In re Sealed Case*, 931 F.3d at 96. When weighing those concerns, five factors, initially drawn from *James v. Jacobson,* 6 F.3d 233, 238 (4th Cir. 1993), serve as "guideposts from which a court ought to begin its analysis." These five factors are:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and relatedly, (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* (citing *James*, 6 F.3d at 238).

At the same time, a court must not simply "engage in a wooden exercise of ticking the five boxes." *Id.* Rather, "district courts should take into account other factors relevant to the particular case under consideration." *Id.* (quoting *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189–90 (2d Cir. 2008)). In exercising discretion "to grant the rare dispensation of anonymity . . . the court has 'a judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation is warranted'. . . tak[ing] into account the risk of

4

unfairness to the opposing party, as well the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Microsoft Corp.*, 56 F.3d at 1464 (quoting *James*, 6 F.3d at 238 (other internal citations and quotation marks omitted)).

### III.     DISCUSSION

At this early stage of the litigation, this Court is persuaded that the named plaintiff has met her burden of showing that her privacy interests outweigh the public's presumptive and substantial interest in knowing the details of judicial litigation and should thus be permitted to proceed under the pseudonym Jane Doe.

First, plaintiff does not seek to avoid mere "annoyance" or "criticism," but asserts that if her identity were tied to this case she risks losing "employment opportunities" and "her . . . freedom to pursue the occupation of her choice." Pl.'s Pseudo. Mot. at 5. Indeed, the purpose of plaintiff's action is to prevent word of the charge of professional misconduct from reaching the National Practitioner Data Bank. According to plaintiff, if an adverse report is made to that body, "as a practical matter [she] will be unable to obtain privileges anywhere" and will be unable to practice medicine. Pl.'s Pseudo Mot. at 2. This factor thus weighs heavily in favor of allowing her to proceed pseudonymously.

Plaintiff concedes that the second and third factors are not at issue, as she does not fear "retaliatory physical or mental harm" and she is an adult. *In re Sealed Case*, 931 F.3d at 97. As to the nonmoving parties' interests, allowing the plaintiff to proceed under a pseudonym will have no impact on any private rights, as the only defendants are government agencies and officers. The plaintiff's identity, moreover, is already known to the defendants in connection with her appeal of her charge of unprofessional conduct. Allowing the plaintiff to proceed pseudonymously thus will not compromise the defendants' ability to defend this action and

5

poses little "risk of unfairness to the opposing party." *Nat'l Ass'n of Waterfront Emp'rs v. Chao*, 587 F. Supp. 2d 90, 99 (D.D.C. 2008).  Finally, any public interest in disclosing the identity of the plaintiff is significantly outweighed by the serious risk to plaintiff's reputation and career disclosure would entail.

In sum, weighed against the minimal apparent interest in disclosure, the plaintiff's significant interest in maintaining her anonymity at this early stage in the litigation is more than sufficient to overcome any general presumption in favor of open proceedings.  *See Horowitz v. Peace Corps*, 428 F.3d 271, 278 (D.C. Cir. 2005) ("If there is no public interest in the disclosure of certain information, 'something, even a modest privacy interest, outweighs nothing every time.'" (quoting *Nat'l Ass'n of Retired Fed. Emps. v. Horner*, 879 F.2d 873, 879 (D.C. Cir. 1989))).

Plaintiff's motion to seal the entire case is thus somewhat superfluous and is certainly overbroad.  Plaintiff requests sealing of the complaint, the motion to seal, and the motion to proceed under pseudonym, all of which contain plaintiff's true name and must be sealed to effectuate her motion to proceed under pseudonym.[3]  She also requests, however, that "the entire record of this case," including "all subsequent filings," be sealed explaining that "these documents either contain numerous references to her true identity or would provide the public with sufficient detail to deduce her true identity from other sources." Pl.'s Seal Mot. at 3.  Sealing the entire case is unnecessary when the narrower remedy of allowing plaintiff to proceed anonymously achieves the end plaintiff is after.  As noted, the complaint, motion to proceed under pseudonym, and motion to seal will be sealed as each contains plaintiff's true

---

[3] Plaintiff's Motion to Seal also requests that her "Motion for Temporary Restraining Order and Preliminary Injunction and the administrative record attached to the same" be sealed, but no such motion appears to have been filed. Pl.'s Seal Mot. at 3.  Should plaintiff file such a motion and should she believe it warrants sealing, she may make a motion to the District Court Judge randomly assigned to this case.

identity.  To the extent the plaintiff believes "subsequent filings" or other parts of the record should be sealed, she can make a motion to do just that before the District Court Judge to whom this case is randomly assigned.

IV.     **CONCLUSION AND ORDER**

For the foregoing reasons, it is hereby

**ORDERED** that the plaintiff's Motion to Proceed Under Pseudonym is **GRANTED**, subject to any further consideration by the United States District Judge to whom this case is randomly assigned, and the case may proceed using the pseudonym "Jane Doe" for the plaintiff; and it is further

**ORDERED** that the plaintiff's Motion to Seal is **GRANTED in part and DENIED in part**; it is further

**ORDERED** that the plaintiff's Complaint, Motion to Seal, and Motion to Proceed Under Pseudonym and supporting exhibits, each of which reflects the full name of the plaintiff, shall remain under seal until further order of the Court; and it is further

**ORDERED** that to the extent plaintiff's Motion to Seal requests sealing of her entire case, including any subsequent filings, that motion is **DENIED**; and it is further

**ORDERED** that plaintiff is directed within seven days to file on the public docket a redacted version of her complaint that refers to herself as "Jane Doe;" and it is further

7

**ORDERED** that the defendants are prohibited from publicly disclosing the plaintiff's identity or any personal identifying information that could lead to the identification of the plaintiff by nonparties, except for the purposes of investigating the allegations contained in the Complaint and for preparing an answer or other dispositive motion in response.

**SO ORDERED.**

Date: August 5, 2020

_____
BERYL A. HOWELL
Chief Judge