IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-00423-RM-NRN

JANE DOE,

Plaintiff,

v.

THE REGENTS OF THE UNIVERSITY OF COLORADO, a body corporate,

Defendant.

---

**ORDER ON
PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM "JANE DOE"
AND SEAL COMPLAINT (Dkt. #3)**

---

**N. REID NEUREITER
United States Magistrate Judge**

Plaintiff filed her complaint against the Regents of the University of Colorado on February 17, 2022. She filed the Complaint under restriction. *See* Dkt. #2. The same day, she filed a Motion to Proceed Under Pseudonym "Jane Doe" and Seal Complaint ("Motion to Restrict") (Dkt. #3) which asks that the Complaint be kept completely under restriction and that the Plaintiff be allowed to proceed by pseudonym as "Jane Doe." The Motion for Leave to Restrict was referred to me by Judge Moore on April 26, 2022. *See* Dkt. #17.

### Background

Plaintiff is a Hispanic female doctor. She is a highly trained and skilled triple board-certified anesthesiologist, formerly employed as a tenure-track assistant professor at the University of Colorado ("CU"), with a contemporaneous full-time

permanent clinical appointment with the Department of Veterans Affairs (the "VA"). Dkt. #3 at 1. Plaintiff claims to have viewed dangerous conduct and deficiencies in a clinical setting at the VA and CU and then made a confidential report consistent with CU's reporting requirements. It is alleged that after this report, her confidence was breached and, as a result, Plaintiff faced a pervasive pattern of retaliatory, discriminatory, harassing, and hostile acts, ultimately culminating in the termination of her clinical and academic appointments. It is further alleged that as part of this retaliatory plot, Plaintiff's supervisor conjured false written complaints against Plaintiff and improperly transmitted those complaints to the VA. As a result of these allegedly false complaints, Plaintiff was removed from her supervisory duties at CU, received a charge of unprofessional conduct, had her clinical privileges revoked, and was removed from federal service with the VA and accompanying employment with CU. She claims that her career as a cardiac anesthesiologist and critical care physician has been largely destroyed because of these retaliatory, false complaints.

Plaintiff brings claims against the Regents of the University of Colorado for, among other things, pregnancy discrimination, national origin discrimination, hostile work environment, retaliation under Title VII, and discrimination and retaliation under the ADA and ADAAA.

In her Motion to Restrict, Plaintiff argues that it is paramount that she be permitted to proceed anonymously in order to preserve her privacy and protect her professional reputation. She claims there is no benefit to the public that can be achieved in requiring her name be made public. It is asserted that the very injury being litigated against would be incurred as a result of the disclosure of Plaintiff's identity.

Plaintiff makes a similar argument for the restriction of her entire Complaint. She claims that "[g]iving public access to Plaintiff's name and records during the pendency of this case would inevitably harm Plaintiff's reputation and her ability to continue practicing medicine before the Court has an opportunity to hear and rule on the claims asserted." Dkt. #3 at 5.

On February 24, 2022, attorney and law professor Eugene Volokh filed an objection under D.C.COLO.LCivR 7.2(d) to the filing of the Complaint under restriction. *See* Dkt. #10. Professor Volokh, who has written extensively on the law of sealing and pseudonymity, argues that the public has a common-law right of access to the Complaint, so that the public can understand the operation of the court system and be able to understand any court decision. Professor Volokh also argues that the public has a First Amendment right of access to the Complaint. *See Westmoreland v. Columbia Broad. Sys. Inc.*, 752 F.2d 16, 23 (2d Cir. 1984) ("[T]he First Amendment does secure to the public and to the press a right of access to civil proceedings."). Professor Volokh insists that, with respect to a complaint such as the one in this case, there is a historic tradition of accessibility to such documents, and a significant positive role for public access in the functioning of the judicial process. Professor Volokh also argues that if any restriction is appropriate for the Complaint, it should be via modest redactions, rather than outright restriction of the entire document. Professor Volokh takes no position on Plaintiff's claimed entitlement to proceed under a pseudonym.

On February 25, 2022, Plaintiff filed a reply to Professor Volokh's objection. *See* Dkt. #11. Plaintiff argues that as this matter "involves highly sensitive factual contentions and documentary evidence, disclosure of [the] same would result in

3

irreparable harm to Plaintiff." *Id.* at 1. As an alternative to complete restriction, Plaintiff submitted a redacted version of the Complaint. *See* Dkt. #11-1. Most of the redactions in the proposed redacted Complaint seem to involve the identities of the individuals implicated by the Plaintiff's allegations. One redacted section also recites specifics of another factually related lawsuit filed in the District of Columbia against the VA.

On May 3, 2022, the Court was supposed to hold a Scheduling Conference in this case. *See* Dkt. #9 (Order of February 18, 2022, ordering Plaintiff to "promptly serve Defendant" and setting Scheduling/Planning Conference for May 3, 2022). But, contrary to this Court's order, Plaintiff had not served Defendant with the Complaint. Plaintiff also did not appear at the telephonic Scheduling Conference at the appointed time. Plaintiff's counsel only called in when the Court's courtroom deputy sent an e-mail after the hearing was to have started. Once Plaintiff's counsel had finally appeared via telephone, there was a short discussion about Plaintiff's Motion to Restrict. Plaintiff's counsel asked to supplement the record with the order by Chief Judge Beryl Howell of the United States District Court for the District of Columbia, which has allowed the related lawsuit against the VA to proceed under seal and via pseudonym (the "D.C. Case"). Plaintiff was given until May 4, 2022 to supplement the record with a copy of the order from the District of Columbia order and did comply by the deadline. *See* Dkt. #21 (Memorandum and Order in *Jane Doe, MD v. Steven L. Lieberman,* Case No. 1:20-cv-02148 (D.D.C. Aug. 5, 2020)) (the "D.C. Order").

In the D.C. Case, Plaintiff is seeking to enjoin the defendants from revoking her clinical privileges and from removing her from service as a federal employee. As part of that case, Plaintiff also requests an injunction preventing those defendants from filing an

4

"adverse action report" with the National Practitioner Data Bank or the Colorado Medical Board, because doing so would irretrievably injure her in her professional capacity. D.C. Order at 2.

In the D.C. Order, Chief Judge Howell noted D.C. Circuit precedent to the effect that there is a "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of the governmental processes,' . . . and, more specifically, from the tradition of open judicial proceedings." D.C. Order at 3–4 (quoting *In re Sealed Case*, 931 F.3d 92, 96 (D.C. Cir. 2019)). Chief Judge Howell then explained that in "special circumstances" parties are permitted to proceed anonymously. Following the D.C. Circuit's guidance, Chief Judge Howell was to balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure. Five factors are used as "guideposts" in making the D.C. Circuit's balancing analysis:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature;
>
> (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;
>
> (3) the ages of the persons whose privacy interests are sought to be protected;
>
> (4) whether the action is against a governmental or private party; and
>
> (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* at 4 (citing *In re Sealed Case*, 931 F.3d at 96). Chief Judge Howell explained that in exercising discretion in deciding whether to grant anonymity, the court's judicial duty is to "'inquire into the circumstances of particular cases to determine whether the

5

dispensation is warranted' . . . tak[ing] into account the risk of unfairness to the opposing party, as well as the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* at 4-5 (quoting *United States v. Microsoft Corp.,* 56 F.3d 1448, 1464 (D.C. Cir. 1995) (other citations omitted)).

Ultimately, Chief Judge Howell concluded that at the "early stage" of that District of Columbia lawsuit, Plaintiff had met her burden of showing that her privacy interest outweighed the public's presumptive and substantial interest in knowing the details of the litigation. Plaintiff was allowed to proceed under the pseudonym "Jane Doe." *Id.* at 5. Chief Judge Howell explained that the very purpose of the D.C. Case was to prevent word of the charge of professional misconduct from reaching the National Practitioner Data Bank. Per Plaintiff, if an adverse report were made to that body, as a practical matter she would be unable to obtain privileges anywhere and would be unable to practice medicine. *Id.* Thus, for Chief Judge Howell, Plaintiff's interest weighed heavily in favor of allowing anonymous filing, and the defendants' interest in open proceedings was minimal because Plaintiff's identity was already known to the defendants and their ability to defend the action would not be hindered. *Id.* at 5–6.

Plaintiff now suggests that the same reasoning that allowed her to proceed via pseudonym in the D.C. Case should also apply to this Colorado action. As explained in more detail below, the Court disagrees.

Plaintiff's request to allow this District of Colorado lawsuit to proceed anonymously and to file the Complaint under restriction will be denied. This Order will be stayed for 14 days, allowing Plaintiff to object to District Judge Raymond Moore. If an

objection is made, this Order will be stayed pending a final ruling by Judge Moore on any objection.

### Legal Standards in this District and the Tenth Circuit

#### A. Restricting Documents filed with the Court

It is the stated policy of the District of Colorado that "[u]nless restricted by statute, rule of civil procedure, or court order, the public shall have access to all documents filed with the court and all court proceedings." D.C.COLO.LCivR 7.2(a). The local rules do provide for the restriction of documents or proceedings by court order if the party seeking restriction can identify "a clearly defined and serious injury that would result if access is not restricted," and can also show that the interest to be protected "outweighs the presumption of public access." D.C.COLO.LCiv 7.2(c)(3) and (c)(2). The party seeking restriction must also explain why no alternative to restriction is practicable (such as redaction, summarization, or restricted access to exhibits or portions of exhibits). D.C.COLO.LCiv 7.2(c)(4).

Beyond the Court's stated policy, which presumes that documents filed in court proceedings are to be public, the public does have a common law right to access judicial records and documents in civil cases, although the right is not absolute. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–98 (1978). "The few cases that have recognized such a right do agree that the decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Id.* at 599.

#### B. Proceeding by Pseudonym

Under Fed. R. Civ. P. 17(a), "[e]very action shall be prosecuted in the name of the real party in interest." According to the Tenth Circuit, the "use of pseudonyms concealing plaintiffs' real names has no explicit sanction in the federal rules. It seems contrary to Fed. R. Civ. P. 10(a) which requires the names of all parties to appear in the complaint." *Lindsey v. Dayton–Hudson Corp.*, 592 F.2d 1118, 1125 (10th Cir.1979). However, "the Supreme Court has given the practice implicit recognition in the abortion cases . . . with minimal discussion." *Id.* Most of the cases that have allowed the use of pseudonyms "have involved abortion, birth control, and welfare prosecutions involving abandoned or illegitimate children." *Id.* Therefore, "identifying a plaintiff only by a pseudonym is an unusual procedure, to be allowed only where there is an important privacy interest to be recognized. It is subject to a decision by the judge as to the need for the cloak of anonymity." *Id.*

Because the general rule is that lawsuits are to be public, a plaintiff should be allowed to proceed anonymously "only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger or physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir.1998) (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir.1992)). It is proper to weigh the public interest against the plaintiff's claimed right to privacy in deciding whether anonymity is appropriate. *See id.* This determination rests within the informed discretion of the trial court. *Id.* at 802–03.

### C. Analysis

The first thing to note is that, in keeping with the American ideals of government, court proceedings are presumptively open to the public. The notion of completely

8

restricting or sealing a civil case is an anathema to that principle. As Judge Kane has rightly stated:

> We begin with the fundamental presupposition that it is the responsibility of judges to avoid secrecy, in camera hearings and the concealment of the judicial process from public view. Courts are public institutions which exist for the public to serve the public interest. Even a superficial recognition of our judicial history compels one to recognize that secret court proceedings are anathema to a free society.

*M.M. v. Zavaras*, 939 F. Supp. 799, 801 (D.Colo.1996) (internal citation omitted), *aff'd*, 139 F.3d 798 (10th Cir.1998). The strong interest of the public in having access to court proceedings must be weighed against any claimed privacy interest of a litigant in sealing the proceedings and proceeding under a pseudonym.

Also, it cannot be disputed that the allegations underlying this dispute raise matters of public concern. Plaintiff says she was a highly trained doctor at both CU Hospital and the VA. She claims that she made a report of misconduct to CU and then had her reputation and career ruined in retaliation for making what she assumed would be a confidential report. The Complaint also includes allegations of race or national origin discrimination and pregnancy discrimination. This lawsuit is being brought to clear her name, to vindicate her rights, and to recover damages.

To the extent that her reputation and career already has been destroyed, it is unclear how publication of allegations intended to clear her name would further tarnish that reputation, or how the open publication of her efforts to vindicate herself will cause the harm that the lawsuit is intended to prevent. *See* Compl. at ¶ 127 ("As a consequence of Defendants' conduct, the damage to Plaintiff's reputation and career cannot be overstated."). But more important, the fact that this kind of behavior allegedly is happening among the staff of a renowned Colorado medical institution is almost by

9

definition a matter of public concern. In addition, Plaintiff is seeking damages for her allegedly destroyed career, which is itself a call for compensation from the public fisc.

This contrasts with what Chief Judge Howell explained was at issue in the D.C. Case. In that litigation, Plaintiff sought an injunction to prevent reports of her alleged medical misconduct from reaching a national databank or a state licensing board without due process. That matter appeared to be purely about her reputation and the desire not to have false misconduct charges shared with regulatory bodies. In this case, by contrast, Plaintiff is seeking money damages for the harm caused by her employer's alleged retaliatory and discriminatory conduct. This is qualitatively different from a lawsuit intended to prevent the reporting of her name to a disciplinary board. The instant Complaint contains serious allegations of misconduct within a CU hospital and a lawsuit brought to resolve such charges should not be resolved in secret—and neither should the identity of the person making the allegations nor the identities of the alleged perpetrators be kept secret.

On the whole, this case strikes the Court as an employment dispute like so many others that the Court confronts on a regular basis. Such lawsuits frequently contain allegations of discrimination, harassment, and retaliation and are hotly disputed by the two sides. It is undeniably true that when a plaintiff is identified as a complaining party in an employment-related or whistleblower lawsuit, it might cause future employers to think twice about hiring her. But such is the case for any plaintiff in an employment-related or discrimination-related case. If Plaintiff ultimately is vindicated, which is the objective of the lawsuit, then she will have the outcome to show future employers. And, while the case is pending, she will be able to tell other potential employers she is challenging the

termination from CU. But it is highly unusual (indeed, in this judge's experience, unknown) for this kind of lawsuit to be filed under seal or for the identities of the parties to be kept secret.

The Court finds that this case does not involve any of the three unusual circumstances where the Tenth Circuit has found it proper for a plaintiff to proceed anonymously: a matter of a "highly sensitive and personal nature," a "real danger or physical harm," or where the "injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Zavaras*, 139 F.3d at 803.

And, even if it did arguably involve a matter of a "highly sensitive and personal nature," the Court finds that the public interest in knowing the allegations in the Complaint and the identities of the parties far outweigh the claimed privacy interests being asserted here. Rather than limiting her claim to the D.C. Case, where she was seeking to prevent having her name shared with regulatory bodies, Plaintiff has sued in Colorado for damages and accused specific individuals within CU of misconduct, including retaliation and discrimination. This case is therefore a matter of public concern, is being litigated in a public court, and the public has a strong interest in knowing how our court system is being used to resolve such a dispute and who is involved in the case.

In addition to the public interest in knowing about the allegations and the claims of misconduct within a public institution, Defendants should be able to not just know the name of the plaintiff, but also to discuss with other potential witnesses Plaintiff's allegations and the circumstances of the lawsuit. For Plaintiff's identity and the

11

allegations of the Complaint to be kept secret from the public would be unfair to the Defendants, who will have to defend against these very serious allegations.

In her Motion to Restrict, Plaintiff cites a case from this District, *Doe v. Federal Bureau of Investigation*, 218 F.R.D.256 (D. Colo. 2003), where a Colorado state judge had sued the FBI alleging violations of the Freedom of Information Act, the Privacy Act, and asserted claims of invasion of privacy. The FBI had been investigating drug use and impropriety by a state district court judge and one other public official. An unrelated grievance was filed against the judge with Attorney Regulation Counsel ("ARC") and, as part of its own investigation, ARC subpoenaed the FBI's file, which was then released to ARC without having obtained the judge's consent. The judge sued the FBI and sought to keep his identity secret, because the revelation of his identity as plaintiff would only serve to exacerbate the original invasion of privacy and would also be contrary to the principle that attorney grievance proceedings are intended to be anonymous pending a final determination. In the judge plaintiff's view, requiring the use of his real name would damage his professional personal reputation. This parallels the argument raised by Plaintiff in this case.

Chief Judge Philip A. Brimmer rejected the argument in *Doe v. Federal Bureau of Investigations* and denied the plaintiff's request to proceed anonymously. As Judge Brimmer held, "By initiating an action for damages based on the FBI's disclosure of the Plaintiff's confidential File, Plaintiff has chosen to bring a private matter into the public eye." 218 F.R.D. at 259. He further explained that a "plaintiff claiming a privacy interest for the sake of his reputation does not create the 'unusual case.' Reputational interests

alone are insufficient to outweigh the public's interest in an open court system that is subject to public scrutiny and criticism." *Id.*

Chief Judge Brimmer's decision was consistent with another decision out of this District by Judge Kane:

> [L]awsuits are public events and the public has a legitimate interest in knowing the facts involved in them. Among the facts is the identity of the parties. We think that as a matter of policy the identity of the parties to a lawsuit should not be concealed except in the unusual case.

*Doe v. U.S. Dep't of Justice*, 93 F.R.D. 483, 484 (D. Colo. 1982) (quoting *Doe and Moe v. Deschamps*, 64 F.R.D. 652 (D. Mont, 1974) (holding that state court judge could not proceed with Freedom of Information Act suit for disclosure of Drug Enforcement Administration files about him without disclosing his true name)). In the case decided by Judge Kane, the plaintiff had argued that revelation of his name would "personally embarrass him and prejudicially affect his privacy rights which th[e] suit was expressly designed to protect." *Id.* at 485. The argument was rejected.

If parties want secret resolution of their disputes, they should go to arbitration. Absent extremely unusual circumstances not present here, employment lawsuits like the one at bar, which involves serious claims of retaliation and discrimination against a public university employer, should be public. And that includes the names of the parties to the case.

**Conclusion**

It is hereby

**ORDERED** that Plaintiff's Motion for Leave to Restrict (Dkt. #3) is **DENIED**. This case shall not be sealed, and the Complaint must comply with Fed. R. Civ. P. 10(a) by including the names of all the parties. The Complaint and Demand for Trial by Jury (Dkt.

#2) should be unrestricted, and Plaintiff shall file forthwith another version of the Complaint reflecting her identity. It is further

**ORDERED** that t**his Order is stayed for 14 days to allow for Plaintiff to file any objection with the Judge Raymond Moore, who is the Article III judge presiding over this matter.** If no objection is filed, this Order shall become effective. If an objection is filed, this Order shall not become effective until after Judge Moore's ruling on the objection.

Dated this 9th day of May, 2022.

BY THE COURT:

N. Reid Neureiter
United States Magistrate Judge